UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENTON PAIUTE ECONOMIC DEVELOPMENT CORPORATION, a Tribal Entity of the Benton Paiute Tribe,<br><br>Plaintiff,<br><br>v.<br><br>BENTON RESEARCH & DEVELOPMENT, LLC, a California Limited Liability Corporation; WAYNE BRYAN, in his individual capacity, and DOES 1–12,<br><br>Defendants. | No. 2:18-cv-00755-TLN-EFB<br><br>**ORDER** |

This matter is before the Court on Defendants Benton Research and Development, LLC ("Benton R&D") and Wayne Bryan's (collectively, "Defendants") Motion for Attorney's Fees. (ECF No. 43.) Plaintiff Benton Paiute Economic Development Corporation ("Plaintiff") opposes the motion. (ECF No. 44.) Defendants filed a reply. (ECF No. 45.) For the reasons set forth below, the Court DISMISSES Defendants' Motion for Attorney's Fees.

///
///
///
///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 23, 2016, Plaintiff and Benton R&D entered into an agreement ("Agreement") whereby Benton R&D would have exclusive license to cultivate, sell, process, transport, and distribute cannabis on Plaintiff's tribal land for a period of twenty years. (ECF No. 43 at 5.) In exchange, Benton R&D would pay Plaintiff 25 percent of its net income from sales. (*Id.*) In reliance on the Agreement, Benton R&D allegedly invested over three million dollars into machinery and a facility for the cultivation and distribution process. (*Id.*) During the first year of production, Plaintiff allegedly locked Benton R&D out of the building, took occupancy, and began using the facility and equipment to cultivate the products themselves. (*Id.*)

On September 5, 2017, Benton R&D sued Plaintiff in the Los Angeles County Superior Court. (*Id.*) The state complaint sought to compel arbitration and requested an injunction against Plaintiff's occupancy of the building and use of Benton R&D's equipment. (*Id.* at 5–6.) Plaintiff removed the case to federal court in the Central District of California. (*Id.* at 6.) However, the Central District remanded the case for lack of jurisdiction since the complaint, which was based on a breach of contract claim, did not seek to encumber Plaintiff's tribal land. (*Id.*) On remand, the parties stipulated to transfer the case to the Mono County Superior Court. (*Id.*) On December 20, 2018, the Mono County Superior Court entered an order finding the Agreement between the parties valid. (*Id.*; ECF No. 43-2.)

Meanwhile, on April 3, 2018, before the state case was transferred to Mono County, Plaintiff filed the instant action in the Eastern District seeking declaratory judgment to invalidate the Agreement between the parties. (*See generally* ECF Nos. 1, 7, 21.) After a series of motions related to the Complaint, this Court issued a Minute Order directing the parties to submit supplemental briefing to address whether the Court has jurisdiction over this case in light of the pending related state court action. (ECF No. 38.) The parties submitted supplemental briefings (ECF Nos. 39, 40), but prior to the Court's ruling on this issue, Plaintiff filed a Notice of Voluntary Dismissal (ECF No. 41). The Court dismissed this case without prejudice on July 26, 2019. (ECF No. 42.) Subsequently, Defendants filed the instant Motion for Attorney's Fees pursuant to California Civil Code § 1717. (ECF No. 43.)

## II. STANDARD OF LAW

Under the American rule for attorney's fees, each party to a lawsuit must pay its own attorney's fees unless otherwise provided by statute or agreement. *Trope v. Katz*, 11 Cal. 4th 274, 278–79 (1995); *see also* Cal. Civ. Proc. Code § 1021. California Civil Code § 1717 provides that where the parties have contractually obligated themselves to pay attorney's fees, the "prevailing party" shall be awarded attorney's fees. Cal. Civ. Code § 1717(a). In deciding whether there is a prevailing party, "the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995). "The prevailing party determination is to be made only upon final resolution of the contract claims and only by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions." *Id.* (citation and internal quotations omitted). This Court, in its discretion, is also free to determine "that there is no party prevailing on the contract." Cal. Civ. Code § 1717(b)(1).

## III. ANALYSIS

### A. Jurisdiction

As an initial matter, the Court addresses the jurisdictional issue still pending in this case. On July 15, 2019, the Court issued a Minute Order directing the parties to submit supplemental briefings "addressing (1) whether this Court has jurisdiction over the present matter under the Declaratory Judgment Act and (2) if so, whether this Court should decline to exercise its jurisdiction under *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942)[,] and its progeny in favor of the parallel state court proceeding related to this matter."[1] (ECF No. 38.) Defendants filed a

---

[1] In *Brillhart*, the Supreme Court held that a district court has discretion to dismiss a federal declaratory judgment action when "the questions in controversy . . . can better be settled in" a pending state court proceeding. *Brillhart*, 316 U.S. at 495. The non-exhaustive factors identified by *Brillhart* for a district court to consider when exercising jurisdiction include: (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *See Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (discussing *Brillhart* factors). The Ninth Circuit has suggested additional factors the district court may consider, including "whether the use of a declaratory action will result in entanglement between the federal and state court

3

supplemental brief asserting there is no independent basis for federal jurisdiction in this case. (*See* ECF No. 39.) Plaintiff filed a supplemental brief conceding there is no federal jurisdiction since the "Mono County Superior Court made clear . . . the state court proceeding does not pose a threat to Tribal land and Tribal property rights." (ECF No. 40 at 3.) As a result of the state order, Plaintiff "fil[ed] a Notice of Voluntary Dismissal Without Prejudice . . . reserving its right to re-file this litigation should Defendant once again allege an interest or 'exclusive right' in Tribal real property." (*Id.*; *see also* ECF No. 41.)

Based on this record, the Court declines to assert jurisdiction over this matter. *Knapp v. Depuy Synthes Sales Inc.*, 983 F. Supp. 2d 1171, 1176 (E.D. Cal. 2013) (citing *Gov't Emp. Ins. Co.*, 133 F.3d at 1225) ("If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court."). Here, the related state court proceeding would "afford more complete relief," and "avoid needless determination of state law issues," since the claims in the instant matter are based on the same Agreement which is at issue in the state court proceeding. *Id.*; *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

B. <u>Fees Motion</u>

Based on the foregoing, Defendants' fees motion is properly dismissed. Nonetheless, in addition to the reasons it declines to retain jurisdiction over this matter, the Court cannot rule on Defendants' fees motion because there has been no adjudication on the merits and therefore no prevailing party. (*See* ECF No. 43-2 at 3); *see also* Cal. Civ. Code § 1717(b)(1); *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 976–81, (2017) (upholding denial of defendant's motion for attorney's fees because plaintiff's dismissal was not dispositive of the underlying contractual dispute where same dispute was being litigated in another forum).

Here, the parties concede this action arises from an ongoing state court case. Indeed, the

---

systems." *Id.* at 1225 n.5.

parties' briefing indicates the contract claims have not yet been adjudicated because the parties are currently attending court-ordered arbitration in the related state court matter. (*See* ECF No. 43-2 at 2–3.) Therefore, the Court is unable to make a determination as to the prevailing party. *Amtax Holdings 463, LLC v. KDF Communities-Hallmark, LLC*, No. 8:17-cv-01899-JLS-AS, 2018 WL 4740330, at *2 (C.D. Cal. Mar. 7, 2018) ("a trial court's order compelling a dispute to arbitration does not 'determine[ ] the parties' substantive rights,' and therefore, 'no party has yet prevailed within the meaning of section 1717'"); *see also Allied Professionals Ins. Co. v. Harmon*, No. 8:16-cv-1864-JLS-KESx, 2017 WL 5634870, at *2 (C.D. Cal. Nov. 20, 2017) (fees motion was premature where there had not been "final resolution of the contract claims" pending in arbitration). Furthermore, under these circumstances, attorney's fees are an issue more appropriately litigated or declared in the state court action. *See Brillhart*, 316 U.S. at 495; *Gov't Emp. Ins. Co.*, 133 F.3d at 1225.

Accordingly, the Court declines to issue a ruling on Defendants' Motion for Attorney's Fees and the motion is DISMISSED.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Attorney's Fees (ECF No. 43) is DISMISSED.

IT IS SO ORDERED.

DATED: May 17, 2021

Troy L. Nunley
United States District Judge